IN THE SUPREME COURT OF FLORIDA, JANUARY TERM, A.D. 1936, MONDAY, APRIL 27, A.D. 1936.
IN RE: AMENDMENT AND REVISION OF COMMON LAW RULES FOR GOVERNMENT OF TRIAL COURTS IN COMMON LAW CASES.
Upon consideration of the Report of the Special Committee of the Florida State Bar Association submitting final draft of proposed rules to be adopted and promulgated for the government of courts of record in the hearing and determination of Common Law Cases in the trial Courts of this State, it is ordered and adjudged as follows:
(1) That the annexed rules and forms entitled: "Proposed Common Law Rules" be and the same are hereby ratified, adopted, approved and promulgated by the Supreme Court of Florida as rules of practice for the government of the several trial courts of record of this State in common law cases, said rules to become effective October 1, 1936.
(2) That on and after the effective date of the new rules hereby adopted with reference to common law causes, that all existing rules relating to common law causes be and the same are hereby superseded by said new rules.
(3) That this order and the accompanying draft of the common law rules hereby adopted be forthwith published in the current volume of the official Florida Reports, and likewise in the Southern Reporter, for the examination and guidance of the bench and bar in becoming familiar therewith prior to the effective date of same.
(4) That objections, if any, to the said rules, together with any proposals to suspend, alter or modify the same *Page 882 
prior to the effective date of said rules, are required to be submitted to this Court in writing in the form of a written motion or motions duly signed by a member or members of the bar, on or before July 1, 1936, a copy of said motion or motions to be served in advance upon the Chairman of the Florida State Bar Association Committee proposing the said rules for adoption.
All of which is made a formal order of this Court to be entered on the minutes of the Court.
To the Honorable Justices of the Supreme Court:
The committee heretofore appointed by the President of the State Bar Association at the request of the Court respectfully submits herewith the final draft of proposed common law rules as promulgated in accordance with instructions previously given the committee, the action of the Conference of Bar Delegates held at Tallahassee and subsequent action of the committee pursuant to instructions given at that meeting.
The committee has considered itself bound by the action of the Tallahassee meeting wherever affirmative action was taken at that meeting. Rules expressly approved at the meeting are embraced herein in the same form as approved. Rules which were specifically disapproved have been omitted. Where specific amendments were adopted at the Tallahassee meeting to rules proposed as published in the Florida Law Journal of October, 1935, they have been embraced in these rules. In cases where the meeting re-submitted rules for further action of the committee the committee has exercised its best judgment.
Notations accompany these rules indicating those which are copied verbatim from the October Journal, those which were specifically amended at the Tallahassee meeting, those which were resubmitted to the committee and present rules *Page 883 
from which taken. In such notations "published rule" refers to the rules as published in the October Journal and "present rule" refers to the rules as now existing.
The rules submitted herewith follow the numbering as published with the exception that some changes have been necessitated by the rejection of published rules 6, 9 and 51 and also by the renumbering of the ejectment rules.
In accordance with the instructions to the committee and the subsequent action of the committee these rules are submitted herewith for the consideration of the Court.
CLAIBOURNE M. PHIPPS, Chairman.
 PROPOSED COMMON LAW RULES. RULE 1.
Court and Judge Synonymous.
Wherever in these rules reference is made to the court the same shall be construed to apply to a judge thereof whenever the context shall require or permit.
 RULE 2.
Presiding Judge.
When there be more than one judge of a trial court, the judge longest in continuous service and able to act shall be the presiding judge for administrative purposes, and the judges of such court may provide by local rule for the distribution of the work of such court to the judges thereof.
 RULE 3.
Attorneys — Not to Be Sureties.
No attorney or other officer of court shall enter himself or be taken as bail or surety in any proceeding in court on *Page 884 
pain of being considered in contempt and, if the attorney represent the plaintiff, the proceedings may be dismissed.
 RULE 4.
Attorneys — To Vouch Authority.
Every attorney appearing on behalf of a party to a cause may be required by an order of court to vouch for his authority to represent such party and to give the address of such party.
 RULE 5.
Time — Reckoning.
In all cases in which any particular number of days, not expressed to be clear days, is allowed or prescribed, the same shall be reckoned exclusive of the first day and inclusive of the last day unless the last day shall fall on Sunday or on New Year's Day, the Fourth of July, Labor Day, Armistice Day, Thanksgiving Day or Christmas Day, in which case the time shall be reckoned exclusive of that day also; provided, however, that in all cases where the period of time is less than one week any Sunday or any such holiday intervening shall be excluded in the calculation.
 RULE 6.
Stipulation — How Effected.
(a) No private agreement or consent between parties or their attorneys in respect to the proceedings in a cause shall be of any force before the court, unless the evidence thereof shall be in writing, subscribed by the party or his attorney, against whom it is alleged.
(b) Parol agreements may be made before the court. *Page 885 
 RULE 7.
Term Time and Vacation — Distinction Abolished.
Unless otherwise expressly provided by statute or these rules there shall be no distinction between term time and vacation as to pleadings or proceedings before trial.
 RULE 8.
Motions to Be Written.
Motions required by law or these rules and not made in open court shall be in writing and due notice given to the opposite party.
 RULE 9.
Hearings — Notice of.
Hearings requiring notice shall be had only after reasonable notice, but no such hearing shall be had except on five (5) days' written notice when the opposing attorney resides without the county wherein such hearing shall be had.
 RULE 10.
Notices — Effect of — How Served — Computation of Time.
(a) Notice by or to or service upon an attorney of record shall have the same force and effect as personal notice by or to or service upon the party represented by such attorney.
(b) Notices, copies and other papers to be served upon a party, other than original process, may be served by delivery to the party or his attorney of record or by sending the same by mail to such party or his attorney of record at his usual post office address, unless otherwise expressly provided by these rules, and such service when proved by affidavit of mailing shall be primafacie sufficient.
(c) Where notice in any matter is given by mail, the time of the notice shall be computed from the day after the same is deposited in the post office. *Page 886 
 RULE 11.
Clerk's Docket.
The clerk shall keep a general docket for common law cases in which all causes shall be entered upon the institution of suit. He shall enter in this docket all cases not entitled in equity. He shall also make memorandum entries showing the progress of the cause.
 RULE 12.
Process — May Issue Without Separate Praecipe.
Summons ad respondum may issue without separate praecipe upon the filing of a declaration in personal actions; and in actions commenced by filing an affidavit, as in attachment, or replevin, it shall not be necessary to file a separate praecipe for a summons, but appropriate process shall issue without such praecipe.
 RULE 13.
Process — How Issued — Sheriff's Return — Alias and Pluries Summons.
(a) All process, when not otherwise provided by these rules or by law, shall be made returnable to the next rule day thereafter unless there shall not be ten days intervening between the day of issuing of the same and the next rule day, in which case same shall be returnable to the rule day in the next succeeding month. Where there be more than one defendant the clerk shall issue as many writs of summons against the several defendants as directed by the plaintiff or his attorney. When any summons shall be returned not executed, or improperly executed as to any defendant, the plaintiff shall be entitled to another summons against such defendant or defendants as often as required until due service is made. *Page 887 
(b) Alias or pluries process may be issued at any time upon demand of plaintiff or his attorney.
 RULE 14.
May Proceed Against Those Served.
Where suit is brought against two or more defendants, and the summons is served on one or more, but not on all, and the sheriff returns that the defendant not served does not reside in the county, the plaintiff may proceed against the defendant served, noting the fact of non-service on the absent defendant, and if he recover judgment, it may be entered up against the defendant served, noting the fact of non-service as aforesaid, which may be enforced against the property of the defendant against whom the judgment is entered, and the joint property of the defendants named in the writ; nothing herein shall be construed to prevent the plaintiff from bringing suit thereafter against any defendant not served for the same claim or demand; but the plaintiff shall have satisfaction of only one judgment rendered for the same cause of action. Or the plaintiff may, at his option, order additional originals and copies to be directed to the sheriffs of the counties in which the other defendants reside to be served and returned according to law. Section 2809, Revised General Statutes, Section 4496, Compiled General Laws.
 RULE 15.
Declaration — When to Be Filed — Dismissal.
All declarations shall be filed on or before the rule day to which process is returnable. If not thus filed no default for want of appearance shall be entered. If the declaration be not filed on the next succeeding rule day thereafter the cause shall stand dismissed at the cost of the plaintiff and the clerk may enter an order accordingly unless further time *Page 888 
be allowed by the court upon motion duly made or agreed to by stipulation filed.
 RULE 16.
Declaration — Attaching Copy of Cause of Action.
(a) All bonds, notes, bills of exchange, contracts and accounts upon which suit may be brought or a copy thereof or a copy of the portions thereof material to plaintiff's cause of action shall be filed with the declaration and shall be taken and considered as a part thereof. If such exhibit or copy be not so filed the defendant shall not be bound to plead to the declaration until a copy thereof shall have been served upon him and filed in the cause in which event he shall be held to plead at the next rule day thereafter provided ten days shall intervene.
(b) In the event the plaintiff shall attach or file a copy of only a portion of the instrument upon which his cause of action is based the defendant may move the court to require the plaintiff to deliver to him a copy of the entire instrument and if the court shall so order the defendant shall not be bound to plead until ten days after the delivery of the copy of said instrument; provided, however, that such copy shall not be filed in said cause or become a part of the record thereof save by order of Court.
(c) In the event such copy of the cause of action or material portion thereof be not filed with the declaration or served upon the defendant on or before the rule days succeeding the filing of the declaration, the cause shall stand dismissed upon the rule day and the clerk shall enter an order accordingly.
 RULE 17.
Nominal and Representative Parties — Not an Issue.
In all actions by and against executors or administrators, or persons authorized by statute to sue or be sued as nominal *Page 889 
parties, the character in which the plaintiff or defendant is stated on the record to sue or be sued, shall not in any case be considered as an issue, unless specially denied.
 RULE 18.
Partnership and Agency Relationship — Admitted When Not Denied.
Whenever, in any action, the plaintiffs or defendants in their pleadings shall allege that the plaintiffs or defendants were partners, or that either of the parties and any third person were partners, or that as such partners they used any particular partnership name or style, or whenever such pleadings shall allege the relation of principal and agent or master and servant, as between any persons, such averments shall be taken to be true unless expressly denied by the opposing party.
 RULE 19.
Declaration — In Actions for Trespass to Land, etc.
In actions for trespass to land, the close or place in which, etc., must be designated in the declaration by name or abuttals, or other description, in failure whereof the plaintiff may be ordered to amend with costs, or to give such particulars as the court may think reasonable.
 RULE 20.
Demurrers — When Filed.
Demurrers to declarations or other pleadings shall be filed within the same time as is prescribed with respect to pleas or other subsequent pleadings. No certificate or affidavit shall be required in any demurrer. *Page 890 
 RULE 21.
Defensive Pleadings — When Filed.
All pleas, demurrers or other defensive pleadings to the declaration shall be filed at the rule day next succeeding that upon which the declaration is required to be filed.
 RULE 22.
Sham Pleas.
If the plaintiff in an action ex contractu or of replevin deems any plea filed by a defendant to be a sham he may, before said cause is set for trial, move to strike such plea and the court, upon not less than five days' notice, shall hear said motion, taking the evidence of the respective parties, and if the motion be sustained the plea shall be stricken. If there be no other plea on file default judgment shall be entered.
Such motion to strike shall be sworn to and shall set forth fully the facts on which the plaintiff relies, and may be supported by affidavits. No traverse of the motion shall be required of the defendant.
 RULE 23.
Pleas in Abatement — When Not Allowed.
No plea in abatement for the non-joinder of any person as defendant shall be allowed, unless it shall be stated in such plea that such person is resident within the jurisdiction of the court, and unless the place of residence of such person shall be stated with convenient certainty in affidavit verifying the same.
 RULE 24.
Pleas in Abatement — For Misnomer.
No plea in abatement for a misnomer shall be allowed in any personal action, but in such case the defendant shall be *Page 891 
at liberty to require the declaration to be amended at the cost of the plaintiff by inserting the right name upon an order of the court, founded on an affidavit showing the right name; and in case such application shall be denied, the costs of the same shall be paid by the party applying. The plaintiff in all such cases of misnomer, where the true defendant has been served, or has appeared, shall have the right to amend his declaration and writ by inserting the right name upon the order of the court.
 RULE 25.
Pleas — Effect of in Actions upon Simple Contract — in Actions Against Carriers.
(a) In all actions on simple contract, except as hereinafter excepted, the plea of non assumpsit, or a plea traversing the contract agreement alleged in the declaration, shall operate only as a denial in fact of the express contract, promise or agreement alleged, or of the matters of fact from which the contract, promise or agreement alleged may be implied by law.
Exempli Gratia: In action on a warranty, such pleas will operate as a denial of the fact of the sale and warranty having been given, but not of the breach; and in an action on a policy of insurance, of the subscription to the alleged policy by the defendant, but not of the interest, of the commencement of the risk of the loss, or of the alleged compliance with warranties.
(b) In actions against carriers and other bailees for not delivering or not keeping goods safe, or not returning them on request, and in actions against agents for not accounting, such pleas will operate as a denial of any express or implied contract to the effect alleged in the declaration, but not of the breach. The plea of "never was indebted" shall be *Page 892 
applicable to the declaration embraced in forms from one to twelve inclusive, as prescribed in Section 2648, Rev. Gen. Stat. (Section 4312, Comp. Gen. Laws) and to those of a like nature, embracing generally causes of action which constitute the foundation for an action of debt on simple contract, except bills of exchange and promissory notes. To such causes of action the plea of non assumpsit shall be inadmissible, and the plea of "never was indebted" shall operate as a denial of those matters of fact from which the liability of the defendant arises.
Exempli Gratia: In actions for goods bargained and sold, or sold and delivered, the plea will operate as a denial of the bargain and sale, or sale and delivery, in point of fact; in the like action for money had and received, it will operate as a denial both of the receipt of money and the existence of those facts which make such receipt by the defendant a receipt to the se of the plaintiff.
 RULE 26.
Pleas — In Actions on Notes, etc.
In all actions upon bills of exchange and promissory notes, the plea of non assumpsit and "never was indebted" shall be inadmissible. In such actions, therefore, a plea in denial must traverse some matter of fact.
Exempli Gratia: The drawing, or making, or indorsing, or accepting, or presenting, or notice of dishonor of the bill or note.
 RULE 27.
Pleas in Confession and Avoidance — Actions Ex Contractu.
In every species of action on contract, all matters in confession and avoidance, including not only those by way of discharge, but those which show the transaction to be either *Page 893 
void or voidable in point of law, on the ground of fraud, or otherwise, shall be specially pleaded.
Exempli Gratia: Infancy, coverture, release, payment, performance, illegality of consideration, either by statute or common law, drawing, indorsing, accepting, etc., bills or notes by way of accommodation, set-off, mutual credit, unseaworthiness, misrepresentation, concealment, deviation, and various other defenses, must be specially pleaded.
 RULE 28.
Pleas — In Actions on Specialties and Covenants.
In actions on specialties and covenants, the plea of non estfactum shall operate as a denial of the execution of the deed in point of fact only, and all other defenses shall be specially pleaded, including matters which make the deed absolutely void, as well as those which make it voidable.
 RULE 29.
Plea of Nil Debet.
The plea of nil debet shall not be allowed in any action.
 RULE 30.
Payment — To Be Pleaded.
Payment shall not in any case be allowed to be given in evidence in reduction of damages or debt, but shall be pleaded in bar.
 RULE 31.
Plea of Non Detinet — In Replevin — In Other Actions.
In actions for detaining property, the plea of non detinet
shall operate as a denial of the detention of the property by the defendant, but not of the plaintiff's property therein, and no other defense than such denial shall be admissible under that plea. This rule does not apply to actions for the replevin of property under the statutes of this State. *Page 894 
 RULE 32.
Plea of Not Guilty — What in Issue.
In actions for torts, the plea of not guilty shall operate as a denial only of the breach of duty or wrongful act alleged to have been committed by the defendant, and not of the facts stated in the inducement, and no other defense than such denial shall be admissible under that plea; all other pleas in denial shall take issue on some particular matter of fact alleged in the declaration; and where in the declaration the breach of duty or wrongful act is alleged to have been committed by defendant through the agency of any other person or thing the alleged relationship between the defendant and that other person or thing shall not be put in issue by the plea of not guilty.
 RULE 33.
Pleas in Confession and Avoidance — In Tort Actions.
In tort actions all matters in confession and avoidance shall be pleaded specially as in actions on contract.
 RULE 34.
Plea of Not Guilty — In Actions for Trespass to Land.
In actions for trespass to land, the plea of Not Guilty shall operate as a denial that the defendant committed the trespass alleged in the place mentioned, but not as a denial of the plaintiff's possession of that place, which, if intended to be denied, must be traversed specially.
 RULE 35.
Plea of Not Guilty — In Actions for Taking, Damaging or Converting.
In actions for taking, damaging, or converting the plaintiff's goods, the plea of Not Guilty shall operate as a denial *Page 895 
of the defendant having committed the wrong alleged, by taking, damaging, or converting the goods mentioned, but not of the plaintiff's property therein.
 RULE 36.
Pleas of Matter Arising After Commencement — When Allowed.
A plea containing a defense arising after the commencement of the action may be pleaded together with pleas of defense arising before the commencement of the action; provided, that the plaintiff may confess such plea, and thereupon shall be entitled to the costs of the cause up to the time of the pleading of such first mentioned plea; provided such plea be filed by all defendants.
 RULE 37.
Pleading — Time for When Regular Order Interrupted.
In all cases in which the regular order of pleading be varied or interrupted by the action of the court in striking out or ruling upon any pleading or in any other manner, and the time for pleading and subsequent course of proceeding in such case be not provided for under the rules or by law, the court shall fix the time for pleading in his discretion, conforming as near as may be to the general rules as to time of pleading.
 RULE 38.
Joinder of Issue Abolished.
No joinder of issue upon any demurrer, plea or subsequent pleading shall be required. Where any plea, replication or subsequent pleading shall be filed making affirmative allegations against the opposite party, in the absence of any pleading filed directed thereto the same shall be considered as denied and issues made accordingly. *Page 896 
 RULE 39.
Replication and Rejoinders — When Filed.
If any plea or subsequent pleading require a replication, rejoinder or other answer, the replication shall be filed on the rule day next succeeding that upon which the plea shall have been filed, and the rejoinder or other answer shall be filed by the rule day after the filing of the replication or other subsequent pleading requiring an answer.
 RULE 40.
Demurrer — Confession by Amendment.
Upon demurrer to any pleading, the opposite party may admit the cause of demurrer by filing an amended pleading, which shall do away with the cause of demurrer.
 RULE 41.
Pleadings — Repetitions — Not Allowed.
In case of several counts on the same cause of action, the court may strike out such counts as it deems unnecessary or improper. Several pleas, replications or subsequent pleadings, or several avowries or cognizances founded on the same ground of answer or defense shall not be allowed except in cases where it may appear to the court to be proper for determining the real question in controversy between the parties on its merits. In case of the violation of this rule, the court may order a reformation of the pleading on such terms as to costs and otherwise as he may think fit.
 RULE 42.
Protestation, Actionem Non and Precludi Non — Not Necessary.
No protestation shall hereafter be necessary in any pleading. All pleas, replications, and subsequent pleadings without *Page 897 
the formal parts of an actionem non or precludi non, or the like effect, or any prayer or judgment, shall be taken, unless otherwise expressed, as pleaded respectively in bar of the whole action, or in maintenance of the whole action.
 RULE 43.
Amendment of Pleadings. — Copy to Opposing Counsel.
(a) When pleadings be amended as of course after appearance a copy of the amendment shall be served upon the opposite party or his attorney and unless otherwise ordered by the court he shall plead thereto upon the next succeeding rule day; provided ten days shall intervene after the service of such copy, otherwise upon the next succeeding rule day.
(b) When any party shall amend any pleading otherwise than as of course, the court may require the party so amending to furnish copy of such amendment thereof to opposing counsel and may fix the time within which said pleading as amended shall be answered.
(c) After any amendment, unless new pleading be filed, the former pleading of the adversary shall stand to the pleadings as amended.
 RULE 44.
Amendments by Interlineation.
All amendments by interlineation must be approved in writing by the court on the margin.
 RULE 45.
Amendment of Writ — For Non-Joinder of Plaintiff.
Whenever the plaintiff shall amend the writ, after notice by the defendant, or a plea in abatement for a non-joinder under Section 2566, Rev. Gen. Stats. (Section 4206, Comp. Gen. Laws) he shall file a consent in writing of the party or parties whose name or names are to be added, and give *Page 898 
notice thereof to the defendant, and the pleadings de novo
authorized by said section shall be filed by the next rule day thereafter if fifteen days shall intervene between such notice and such rule day, and if not, then by the next succeeding rule day.
 RULE 46.
Amendments for Non-Joinder and Misjoinder — Orders on, After Notice — Further Pleading.
The orders authorized to be made for non-joinder or misjoinder of plaintiffs by Section 2566, Rev. Gen. Stat. (Section 4206, Comp. Gen. Laws) and for misjoinder of defendants authorized by Section 2568, Rev. Gen. Stat. (Section 4208, Comp. Gen. Laws) may be made by the court upon notice to the defendants and the court in granting the same may in addition to such terms as he may impose as to the amendment of pleadings, also prescribe the time for the filing of any pleadings, if such pleadings are necessary to bring the cause to issue.
 RULE 47.
Amendment of Writ.
In case amendments of the writ in any action be made under Section 2592, Rev. Gen. Stat. (Section 4232, Comp. Gen. Laws) notice that such amendment is made shall be given to the defendant, and the defendant notwithstanding such amendment, shall not in such case have any further time for pleading or entering his appearance in the action.
 RULE 48.
Death of Sole Plaintiff Revivor.
In case of the death of a sole plaintiff, when the action survive, such suit may be revived by order of court at any time upon notice of hearing upon the petition of the legal *Page 899 
representative or successor in interest of the decedent or upon the petition of any defendant, which petition shall suggest the death of the plaintiff and be supported by copy of letters testamentary or of administration, or order declaring no administration necessary or other document showing the party to be substituted to be the successor in title. Upon such petition being granted the defendants not so petitioning shall have twenty days thereafter in which to take issue upon such suggestion and the cause shall proceed pursuant to Section 2572, Rev. Gen. Stat. (Section 4212, Comp. Gen. Laws).
 RULE 49.
Death of Defendant — Revivor — Notice — Other Methods.
(a) In case of the death of any defendant when the action survives and the cause may be revived by giving notice to the legal representative as provided by Section 2572, Rev. Gen. Stat. (Section 4213, Comp. Gen. Laws), such notice shall require the executor or administrator to appear and defend said action on the rule day following ten days after service of such notice upon him and that in default of his so doing judgment will be taken against him as such executor or administrator.
(b) An action against any defendant in case of his death may also be revived by filing an amended declaration against his legal representative and praecipe for summons ad respondendum
against him, or upon the petition of the legal representative that he be substituted as party defendant.
(c) When any cause is revived against the legal representative and there be other defendants and a judgment is to be entered such judgment shall be as against those defending in their own right that of de bonis propriis and as against anyone defending as a legal representative that of *Page 900 de bonis testatoris and as between the defendants their rights shall be the same as if in the same form.
 RULE 50.
Judgment — Default — When.
If upon the return day of the summons the defendant fail to appear, or if he be in default for failure to file any plea or subsequent pleading, a default may be entered against him at any time while such default continues, but he shall be at liberty to appear, or file his plea or other pleading at any time until such default be entered.
 RULE 51.
Judgment — Default — When to Be Entered.
If a defendant fail to appear, plead or demur at any time provided by law or fixed by the court the plaintiff may cause a default to be entered by the court or by the clerk, against the defendant. Such default, if entered by the clerk, shall be entered on the day following the rule day on which such default occurs or the day following the next rule day thereafter if such default occur prior to a rule day.
 RULE 52.
Judgment Final Upon Default.
Judgments final consequent upon the entry of defaults, for want of appearance, or for want of plea, may be entered on the same day that the default is entered, as well as any subsequent day as authorized by law. In cases where the action is upon an open account or other contract for the payment of money not in writing, no judgment upon default shall be entered by the clerk until after filing of the proofs required by law (Section 2622, Rev. Gen. Stat., Section 4288, Comp. Gen. Laws) all of which shall be in writing and shall be filed with the papers in the case. *Page 901 
 RULE 53.
Discontinuance — Effect on Counter Claim and Set-Off.
The plaintiff may at any time discontinue his cause in the clerk's office by paying costs and entering a written discontinuance thereof. Such discontinuance shall not affect any claim asserted by the defendant by way of counter claim or set-off, but such defendant may proceed to a trial of his claim on the pleadings as previously had or the court may upon the motion of either party or of its own motion order a repleader in order that such claim may be adjudicated.
 RULE 54.
Discovery.
(a) The court may upon the application by petition of either party order the discovery and production of books, papers or documents in the possession or under the control of the other party which may be necessary to enable the party making the application to frame his pleading.
(b) The petition for such discovery shall state the facts and circumstances on which the discovery is claimed and shall be verified by affidavit stating that the books, papers or documents whereof discovery is sought, are under the control or in the possession of the other party and that petitioner is advised by his counsel and verily believes that the discovery of the books, papers or documents mentioned in such petition is necessary to enable him to draw his pleading.
(c) A copy of the petition shall be served upon the opposite party and five days' notice of the time and place of application for the order shall be given.
(d) The order granting the discovery shall specify the mode in which the same is to be made, which may be either by requiring the party to deliver sworn copies of the documents *Page 902 
to be discovered, or by requiring him to produce and deposit the same with the clerk of the court in which the discovery or deposit is to be made.
(e) The order directing a discovery unless otherwise ordered shall operate as a stay of all other proceedings of the adverse party in the cause until such order shall have been complied with or vacated. The party obtaining such order shall have, after such compliance or vacation, until the next rule day to prepare his pleading, provided ten days intervene before the next rule day, and if not, then he shall have until the next succeeding rule day. The court may dismiss the cause or enter default for non-compliance with such order.
(f) The court may compel a party to disclose the names of witnesses and their addresses, if justice seems to require, upon such terms and conditions as the court may deem expedient, where the names of witnesses are in the exclusive possession of one party to the action.
 RULE 55.
Depositions — May Be Taken as in Equity.
Depositions in actions at law may be taken as provided for the taking of depositions in suits in equity.
 RULE 56.
Trial Docket — What Cases — When Sounded.
(a) When a cause shall be ready for trial, either plaintiff or defendant may, at least fifteen days before the commencement of a term of the court, serve on the opposing party a notice in writing that the case is ready for trial and will be placed on the trial calendar at the next ensuing term. If such notice be filed fifteen days before the commencement of such term the clerk shall enter the case upon the trial docket. *Page 903 
(b) The trial docket shall be sounded for the setting of cases for trial on the Tuesday before the opening day of said term, in the court room of said court at 2:00 P.M. or thereafter upon one week's notice by the clerk to the parties, which sounding and setting of causes shall be by the judge, or by the clerk of said court.
(c) Any case ready for trial, whether arriving at issue before or during the term, after fifteen days' notice by any attorney of record or the clerk of the court may at the discretion of the court be set for trial.
 RULE 57.
Cases — When Set, Tried, Continued or Dismissed.
When a cause is duly set for trial and is called in its order, the same must be tried, continued or dismissed; but by consent the cause may be placed at the foot of the docket to be again called if there be time for the further calling of the docket.
 RULE 58.
Continuances.
(a) A party applying for a continuance shall file a written motion stating fully and clearly all the facts which he conceives may entitle him in law to such continuance, which shall be sworn to. Such application shall be made as soon as the party making the same shall learn of the facts upon which the application is based and determine it to be necessary.
(b) Copy of said motion shall be served upon the attorneys of record for the opposing party together with a notice of the time, the place and the judge before whom said motion will be called for hearing.
(c) No continuance shall be granted for any longer time than it affirmatively appears the ends of justice require. *Page 904 
 RULE 59.
Attorney — Examination of Witnesses by One.
Only one counsel on each side shall conduct the examination of witnesses, except by permission of the court.
 RULE 60.
Documentary Evidence — To Be Filed and Marked by Clerk.
When documentary evidence is introduced in a cause, it shall be filed with the clerk, who shall endorse upon the same an identifying number or symbol, and shall be considered in the custody of the court and not withdrawn except with written leave.
 RULE 61.
Evidence — Documentary — Handwriting — Proof of.
Any party offering in evidence any deed or instrument or writing, may prove the handwriting of the person executing such deed or instrument by any competent evidence or may prove the handwriting of the witnesses to such instrument (if there be such) by like evidence; or may prove the handwriting of either the makers or witnesses to such instrument by comparison thereof with other genuine handwriting of such makers or witnesses and thereupon said instrument of writing shall be admitted in evidence.
 RULE 62.
Evidence — Documents — Duplicate Original — Proof of.
A carbon copy or other impress copy of any letter, telegram or document upon proper evidence that such copy was made at the same time as an imprint of the original and such original was duly sent or mailed to delivery shall be received in evidence with like force and effect as the original; provided it be made to appear that the original is not *Page 905 
within the custody or control of the party offering such copy and notice to produce the same has been given to the opposite party.
 RULE 63.
Evidence — Books — Accounts.
Whenever a book of account or any loose-leaf sheet kept by scriveners' entries or through bookkeeping or accounting machines is proffered in evidence, the same shall be received in evidence as prima facie proof of the correctness of such account and the matters contained therein; provided that an inspection of the proffered book or sheet and the examination of the witnesses produced by the person offering such evidence establishes that the books of account, sheets or other papers were kept in the ordinary course of business.
 RULE 64.
Depositions — Objections to Interrogatories.
Objections to interrogatories, or to the form in which they are conceived, must be assigned in writing before the commission issues, or the deposition is taken, and in all cases where objections are so made, the party whose interrogatories are objected to may have the judgment of the court thereon before the commission issues, by giving notice to the adverse party that on a given day he will apply to the court for his judgment upon the validity of the objections made.
 RULE 65.
Depositions — Objections to Execution of Commissions.
Objections to the execution of the commission for taking depositions or the manner in which depositions are taken shall be made and disposed of before the parties go to trial, if the depositions shall have been received before the commencement of the trial, and if for any cause the depositions *Page 906 
or any answers to interrogatories are quashed or suppressed, the court, if the justice of the case require, shall authorize the retaking of the deposition and allow time for that purpose.
 RULE 66.
Depositions — Answers to Follow Interrogatories.
In preparing depositions each interrogatory shall appear immediately preceding its respective answer.
 RULE 67.
Depositions — When Opened.
Depositions returned to the clerk's office may be opened at any time by consent of parties or upon the order of the court.
 RULE 68.
Costs to Adverse Party — For Allegations Not Proven.
Upon the trial, where there is more than one count, plea, avowry or cognizance, upon the record, and the party pleading fails to establish a distinct subject matter of complaint in respect to each count or some distinct ground of answer or defense in respect to each plea, avowry, or cognizance, a verdict and judgment shall pass against him upon each count, plea, avowry or cognizance, which he shall have so failed to establish, and he shall be liable to the other party for all costs occasioned by such count, plea, avowry or cognizance, including those of the evidence, as well as those of the pleading.
 RULE 69.
Costs — When Not Allowed.
No costs shall be allowed on taxation to a plaintiff upon any counts or issues upon which he has not succeeded, and *Page 907 
the costs of all issues found for the defendant shall be deducted from the plaintiff's costs.
 RULE 70.
Costs — When Allowed Defendant.
When any nolle prosequi shall have been entered upon any count or as to part of any declaration, the defendant shall be entitled to and have judgment for his reasonable costs in that behalf.
 RULE 71.
Non-Suit — When.
The plaintiff shall in no case be compelled to submit to a non-suit, but if he desire to do so it must be done before the jury retires.
 RULE 72.
Executions.
Writs of fieri facias upon judgment shall issue upon the request of the plaintiff, his agent or attorneys, provided no execution shall issue on any judgment until the time for filing a motion for new trial has expired, or, if a motion for new trial be filed, until after such motion shall have been disposed of by the court, except that execution may be issued upon special order of court.
 RULE 73.
Judgment and Execution Docket — To Be Kept by Clerk.
The clerk shall keep a judgment and execution docket. In this docket he shall enter the names of the parties (placing the names of the parties against whom judgments are rendered in alphabetical order), the character of the action, the date of the judgment, the amount of the judgment, specifying the debt, or damages, and costs, the date the *Page 908 
execution issued and the date on which it is delivered to the sheriff. Under the head of "remarks" he shall also state the proceedings had and the returns made thereon, and other matters of interest to the parties.
 RULE 74.
Exceptions Unnecessary — To Adverse Rulings — To Instructions to Jury.
(a) Upon all appellate proceedings in actions at law the appellate court shall review, without exception having been taken in the trial court, any question of law involved in any adverse ruling, order, instruction or thing whatsoever said or done at the trial or prior thereto or after the verdict, which thing was said or done after objection made and considered by the trial court, and which affected the substantial rights of the party complaining and which is assigned as error and thereupon the appellate court may reverse, affirm or modify the judgment or order appealed from, and may set aside, affirm, or modify any and all the proceedings subsequent to or dependent upon such judgment or order, and may, if proper, order a new trial.
(b) It shall not be necessary for a party to object to the giving of any charge by the court or to the refusal to give any charge requested in writing nor need the bill of exceptions state the objections reserved thereto.
 RULE 75.
Scire Facias — When Returnable
All writs of scire facias authorized by law shall be returnable and served as other writs and summons issued on the institution of an action and the same rules in regard to the time of appearance and pleading shall apply thereto as in other cases. *Page 909 
 RULE 76.
Attachment.
(a) A writ of attachment shall be returnable when fully executed; and if no property be found, shall be returned by the officer when he shall be convinced that no property can be found; and if property be seized under the writ, it shall be returned when the property seized shall have finally passed from the lien of said writ and control of the officer levying the attachment. At the time of each action taken under said writ, the officer shall endorse such action thereon.
(b) Insofar as applicable and when not otherwise provided, the pleading, practice and procedure governing personal actions shall govern suits commenced by attachment.
 RULE 77.
Traverse of Garnishee's Answer — Time for — Default — Scire Facias and Final Judgment.
(a) When any garnishee answers at the time required by law and the plaintiff is not satisfied with the answer of any such garnishee, he shall on the same or the next succeeding rule day file a statement traversing the allegations of the garnishee in such particulars as he desires, whereupon the cause shall proceed as provided by law. But upon failure of plaintiff to file such traverse such answer shall be taken as true and upon proper disposition of the assets, if any, disclosed thereby, the garnishee, shall be entitled as of course to an order discharging him from further liability under the writ.
(b) Should the garnishee defendant fail to appear or answer as required a judgment by default shall be entered against him, which shall be for the amount of plaintiff's claim together with interest. Upon the entry of such judgment by default, a scirefacias shall issue against such garnishee *Page 910 
returnable to the next rule day or a subsequent rule day if ten or more days should not intervene between such day and the date of issuing the same, and in the case of failure to sufficiently answer said scire facias, a final judgment shall be entered against said garnishee; provided, however, that no final judgment against a garnishee shall be entered before the entry of, or in excess of the final judgment against the original defendant together with interest and cost.
 RULE 78.
Replevin — When Writs Returnable.
In actions for the replevin of property under the statutes of this State, the writ and summons shall be made returnable as process in other actions, and the proceedings therein shall be had as in other cases, except where otherwise prescribed by statute.
 RULE 79.
Ejectment — Landlord Not a Defendant — Death of Plaintiff — Death of Defendant — Death of Personal Representative When Party Plaintiff or Defendant — Person in Interest or Possession to Be Made Party.
A. When it shall be made to appear by plea before trial that a party defendant in an action of ejectment is in possession as a tenant and his landlord is not a party to said cause he shall be made a party before further proceeding against said tenant unless otherwise ordered by the court.
B. (1) In case of the death of one or more of several plaintiffs in ejectment, where the right does not survive to the remaining plaintiffs, the action may proceed at the suit of the surviving plaintiff for such share of the property as he claims, or the legal representative of the deceased plaintiff may upon the suggestion of the death and the filing of *Page 911 
a certified copy of his letters testamentary or of administration be made a party plaintiff upon his own motion, after notice to all parties plaintiff and all defendants not in default.
(2) In every case in which a party plaintiff to a suit in ejectment shall die, the heirs or devisees of such property may likewise also be made parties plaintiff, after notice to all parties plaintiff and defendants not in default.
C. (1) In case of the death of one of several defendants in ejectment, a suggestion may be made of the death, and the action may proceed either as against the surviving defendants to judgment and execution, or be revived as against the legal representative and heirs or devisees of the deceased party.
(2) If the legal representative and heirs or devisees of a deceased co-defendant or sole defendant are proceeded against, such may be by amendment and original process or by order making them a party and they shall be held to file the next pleading due, if any, after notice as provided by rule 49 (a), supra, or pursuant to the requirements of original process.
D. In every case in which the personal representative of a decedent may be a party plaintiff to a suit in ejectment, and shall die, his successor in office may be made a party plaintiff in lieu of such deceased personal representative; and in every case in which the personal representative of a decedent may be a party defendant to such a suit, and shall die, his successor in office shall be made a party defendant in lieu of such personal representative.
E. If there shall be a person in interest or possession other than the executor or administrator of the deceased plaintiff or defendant, who should be made a party plaintiff or defendant to the suit, he may be made a party after such *Page 912 
notice, in such manner, and upon such terms as to pleading as the court may direct.
 RULE 80.
Ejectment — Defense May Be Limited.
Any defendant in an action of ejectment shall be at liberty to limit his defense to a part of the property mentioned in the declaration describing such part with reasonable certainty. Otherwise his appearance shall be deemed an appearance to defend for the whole.
 RULE 81.
Ejectment — Trial of.
If the plaintiff in ejectment be non-suited at the trial or the suit be dismissed on motion of the defendant, the defendant shall be entitled to judgment for his costs of suit. If the plaintiff in ejectment appear at the trial and the defendant do not appear, the plaintiff shall be entitled to proceed as in other cases. Defaults in appearance and pleading may be entered in ejectment as in other cases. (See note to Rule 79.)
 RULE 82.
Ejectment — Discontinuance — By One or All of Plaintiffs.
A sole plaintiff, or one of several plaintiffs, in ejectment, may discontinue his action as to one or more of the defendants upon such terms as the court may direct.
 RULE 83.
Ejectment — When No Rule or Statute — Judge to Make Order.
The rules controlling the issuing of summons, filing of declaration and other pleadings shall be applicable to actions of ejectment. *Page 913 
In all cases where the rules as to making parties in other action cannot be made applicable to actions of ejectment and there is no rule in ejectment, or statute controlling the subject, then the persons may be made parties upon motion and notice, in such manner and upon such terms as the court may direct.
 RULE 84.
Ejectment — Writs of Possession and Execution to Be Joint or Several.
Where the plaintiff recovers in ejectment, he may have one writ of execution, embracing a habere facias possessionem for the possession, and a fieri facias for his damages and costs, or he may, if he so elects, have separate writs, one a writ of haberefacias possessionem for the possession, and a separate writ offieri facias for his damages.
 RULE 85.
Ejectment — Bill of Particulars — Testing Sufficiency.
(a) The plaintiff with his declaration and the defendant with his plea shall file as a part thereof a bill of particulars setting forth chronologically the chain of title upon which he will rely at the trial. If any part of the chain of title be recorded, the bill of particulars shall state the name of the grantors and the grantees, and the book and page of the record thereof; if an unrecorded instrument is relied upon, a copy thereof shall be attached. The court may require the original to be submitted to the opposite party for inspection. If the party relies upon a claim of right without color of title, such bill of particulars shall so state and specify how and when such claim originated and the facts upon which such claim is based. If the defendant and plaintiff claim under a common source the bill of particulars need not deraign title prior to such common source. *Page 914 
(b) If either party desire to test the legal sufficiency of any instrument or court proceeding in the chain of title of the opposite party he shall do so before the trial day by a motion setting up his objections with a copy of such instrument, or court proceeding attached and giving notice of hearing as otherwise provided in these rules. Such motion shall be disposed of prior to the trial. Upon the hearing the court shall make such-order as shall be proper. If either party determine that he will be unable to maintain his cause by reason of such order he may so state in the record and final judgment shall therupon be entered by the court for the opposite party.
 RULE 86.
Mandamus and Quo Warranto.
The Circuit Courts in writs of mandamus and quo warranto will prescribe the time for the return of process and the filing of the pleadings in each case as it arises. In the exercise of this discretion the court will have due regard for the rights of the parties, and will regulate the practice so as to secure as speedy a determination of the cause as is justified by the circumstances of each case.
 RULE 87.
Mandamus, Quo Warranto and Prohibition.
(a) When any alternative writ of mandamus, quo warranto or prohibition shall have been issued the court shall allow such writs to be amended upon request of the petitioner without amendments to the petition.
(b) When any such alternative writ is well founded a peremptory writ may issue without further amendments, to the extent such alternative writ is well founded. *Page 915 
 RULE 88.
Bill of Exceptions — When to Be Settled.
The bill of exceptions shall be made up and signed or lodged in the office of the clerk within ninety days after verdict or order on motion for new trial, unless by special order entered within such time further time be allowed. In case such special order be made, it shall be entered in the minutes, and in making up the bill of exceptions the fact that such an order was made shall be mentioned therein, or shall otherwise appear in the record.
 RULE 89.
Bills of Exceptions and Assignments of Error — Notice — Complete Assignments of Error.
(a) The plaintiff in error in all cases at the time of presenting to the trial judge his proposed bill of exceptions for settlement shall also file his complete assignments of error, specifying with particularity each error occurring in the proceedings upon which he intends to rely as grounds for reversal, and such complete assignments of error shall be the guide for making up the bill of exceptions and record.
(b) No bill of exceptions shall be settled or signed unless notice of the application for the settling of such bill of exceptions together with a copy of such assignments of error shall first be given to the adverse party. Should he fail to appear at the time specified in the notice, the judge shall proceed to settle and sign the exceptions in his absence.
(c) When the plaintiff in error files his praecipe of directions to the clerk for making up the transcript of record, he shall at the same time file complete assignments of error as to all matters upon which he seeks reversal in cases where no bill of exceptions has been settled. *Page 916 
 RULE 90.
Bill of Exceptions — Manner of Settling for Depositions — Commission and Instructions — When Included.
(a) Whenever it is necessary to insert in a bill of exceptions depositions of witnesses taken upon interrogatories, each interrogatory and its answer shall be entered consecutively, and not all of the interrogatories preceding all of the answers, or the substances of the whole or such part of the testimony of each witness as is proper may be inserted without the interrogatories and answers thereto, if so agreed by the parties or their attorneys.
(b) The commission as well as the instruction and all other papers connected with the deposition shall be omitted unless some question has been raised and the decision or order of court made thereon has involved a consideration of such papers and it is necessary that they should be inserted in the bill of exceptions for the consideration of the Supreme Court.
 RULE 91.
Pleadings, Motions and Other Papers — Part of Record.
All pleadings, motions and other papers properly filed in a cause and upon which any assignment of error is founded shall be considered a part of the record upon appellate proceedings by writ of error or otherwise.
 RULE 92.
Transcript of Record — Directions to the Clerk — Statement of Trial Proceedings — Statement of Trial Proceedings Questioned.
(a) It shall be the duty of the plaintiff in error or his attorney to file with the clerk of the court to which the writ of error is prosecuted, together with proof or acknowledgment of service of a copy on the defendant in error or his *Page 917 
attorney, a praecipe which shall indicate the portions of the record to be incorporated into the transcript of record. Should the defendant in error or his attorney desire additional portions of the record incorporated into the transcript, he shall file with the clerk of the court his praecipe also within ten days thereafter, unless the time shall be enlarged by the court, indicating such additional portions of the record desired by him.
(b) Within the time for settling bill of exceptions or in substitution for a bill of exceptions already settled the evidence and trial proceedings may be stated in simple and condensed form, all parts not essential to the decision of the questions presented by the assignments of error being omitted and the testimony of witnesses being stated only in narrative, save that if either party desires it, and the court so directs, any part of the testimony shall be reproduced in the exact words of the witness. The duty of so condensing and stating the evidence and trial proceedings shall rest primarily on the plaintiff in error, who shall prepare his statement thereof and lodge the same in the clerk's office for the examination of the other parties at or before the time of filing his praecipe under paragraph (a) of this rule. He shall also notify the other parties or their attorneys of such lodgment and shall name a time and place when he will ask the court to approve the statement, the time so named to be at least ten days after such notice. At the expiration of the time named or such further time as the court may allow, the statement, together with any objections made or amendments proposed by any party, shall be presented to the court, and if the statement be true, complete and properly prepared, it shall be approved by the court, and if it be not true, complete or properly prepared, it shall be made so under the direction of the court and shall then *Page 918 
be approved. When approved, it shall be filed in the clerk's office and become a part of the record for the purposes of appellate proceeding, and shall be effective as of the date of the lodging in the clerk's office of the first draft above provided.
(c) If any difference arise between the parties concerning directions as to the general contents of the record to be prepared, such difference shall be submitted to the court in conformity with the provisions of paragraph (b) of this rule, and shall be covered by the directions which the court may give on the subject.
 RULE 93.
Transcript of Record — Reduction and Preparation — Costs — Correction of Omissions.
(a) In preparing the transcript for appellate proceedings especial care should be taken to avoid the inclusion of more than one copy of the same paper and to exclude the formal and immaterial parts of all exhibits, documents and other papers included therein; and for any infraction of this or any kindred rule the appellate court may withhold or impose costs as the circumstances of the case and the discouragement of like infractions in the future may require. Costs for such an infraction may be imposed upon offending attorneys as well as parties.
(b) If, in the transcript, anything material to either party be omitted by accident or error, the appellate court, on a proper suggestion or its own motion, may direct that the omission be corrected by a supplemental transcript.
 RULE 94.
Transcript of Record — Agreed Statement.
When the questions presented in the appellate proceeding by the assignments of error can be determined by the appellate *Page 919 
court without an examination of all the pleadings and evidence, the parties, with the approval of the Circuit Court may prepare and sign a statement of the case showing how the questions arose and were decided in the Circuit Court and setting forth so much only of the facts alleged and proved, or sought to be proved, as is essential to a decision of such questions by the appellate court. Such statement, when filed in the office of the Clerk of the Circuit Court, shall be treated as superseding, for the purposes of the appellate proceeding, all parts of the record other than the order or judgment to which writ of error is taken, and together with such order or judgment, shall be copied and certified to the appellate court as the record.
 RULE 95.
Record — Presumed to Contain All Material Matter.
Upon appellate proceedings it shall be presumed, unless the record show to the contrary, that such record contains all proceedings in the trial court material to the questions presented by the assignments of error for decision by the appellate court. (Paragraph [d] of published Rule 103 proposed as separate rule in accordance with action at Tallahassee.)
 RULE A.
The following forms numbered from 1 to 10 inclusive shall be sufficient in the prosecution of suits at law in the Circuit Court of the State of Florida. They and like forms may be used with such modifications as may be necessary to meet the facts of the case; and it shall not be held to be erroneous or irregular to depart from the letter of such forms, so long as the substance thereof is expressed without prolixity. *Page 920 
 FORMS. FORM 1.
Summons ad Respondendum.
THE } } ss STATE OF FLORIDA. }
To All and Singular the Sheriffs of the State of Florida — Greeting:
You are commanded to summon ___________________________________ _________________________________________________________________ _________________________________________________________________ _________________________________________________________________ if found within the State of Florida to file a written appearance with the Clerk of the Circuit Court for _________________________ County, Florida, at the Court House in ________________________, on the first Monday in __________________________ next, being the ______________ day of said month, to an action of ______________ ________________________________ brought against the above named party or parties by ___________________________________________, and thereafter to file with said clerk written defenses to the declaration on or before the time prescribed by law, and herein fail not or judgment will be entered against him by default.
WITNESS my hand and the seal of said Court at _________________, Florida, this ________ day of _____________, A.D. __________.
_______________________________________ Clerk of Said Court.
By ____________________________________ As Deputy Clerk.
(New Form) *Page 921 
 FORM 2.
The form of notice to admit documents referred to in Section 2687, Rev. Gen. Stat. (Section 4354, Comp. Gen. Laws, 1927,) may be as follows:
In the judicial Court ______________________ Judicial Circuit __________________ County.
A.B.
 v.
C.D.
Take notice, that the plaintiff (or defendant, as the case may be) in this cause proposes to adduce in evidence the several documents hereunder specified, and that the same may be inspected by the defendant (or plaintiff), his attorney or agent, at _______________, on _________________, between the hours of ________________________; and the defendant (or plaintiff) is hereby required, within forty-eight hours of the last mentioned hour, to admit that such of said documents as are specified to be originals, were respectively written, signed, or executed, as they purport, respectively, to have been; that such as are specified as copies, are true copies; and such documents as are stated to have been served, sent, or delivered, were so served, sent or delivered, respectively, saving all just exceptions to the admissibility of all such documents as evidence in this case.
Dates, etc.
G.H., Attorney for plaintiff (or defendant).
To E.F., Attorney (or agent) for plaintiff (or defendant).
(Here describe the documents, the manner of doing which may be as follows): *Page 922 
 Originals.
Description of Documents. Date.
Indenture of lease from A.B. to C.D. __________ 1st Jan. 1935.
Indenture of release between A.B., C.D.,
1st part, etc. ______________________________ 2nd Feb. 1935
 Copies.
-----------------------------------------------------------------
Description of Documents Date Originals or duplicate served, sent or delivered — when, how and by whom.
-----------------------------------------------------------------
Letter — Plaintiff to defendant Jan. 1, 1935. Sent by General Post Feb. 2, 1935.
Notice to produce papers March 1, 1935. Served March 2, 1935, on defendant's attorney by E.F. of
______________________________
-----------------------------------------------------------------
----------------------------------------------------------------- *Page 923 
 FORM 3.
Form of Order Attaching Debt by Garnishment and Order to Show Cause Under Section 3434, Rev. Gen. Stat. (Section 5287, Comp. Gen. Laws).
THE STATE OF FLORIDA
To E.F., GREETING:
In the Circuit Court, ____________________ Judicial Circuit, ____________________ County.
Whereas, A.B., on the _____ day of ________________________, A.D. 19___, recovered in our said court a judgment against C.D. for the sum of ______________ dollars, _______________ cents; and, whereas, said A.B. (or G., "his attorney," as the case may be), has made affidavit before the clerk of our said court that said judgment is still unsatisfied and that you, the said, E.F., are indebted to the said C.D., and are within the jurisdiction of the court.
Now, therefore, it is ordered that all debts owing or accruing from you to the said C.D. are attached to answer the said judgment which A.B. recovered against C.D., as aforesaid, the same being for the sum of _________________ dollars and ________________________ cents.
It is further ordered that you appear before our said Court, at the clerk's office, in the __________ of ________________, on the first Monday in __________________ next, the same being a rule day of our said court, and show cause why you should not pay the said A.B. the debt due from you to the said C.D. or so much thereof as may be sufficient to satisfy the judgment debt aforesaid.
(L.S.) Witness, etc.
Note: Take notice that the service of this order binds such debts in your hands, that you may pay the amount of *Page 924 
such debt, or so much thereof as is necessary to pay the judgment debt to the Clerk of this Court, and that if you do not enter an appearance on the rule day stated or upon or before that day file a statement disputing the debt, an order awarding execution against you will be entered, and execution will issue for the amount of the judgment debt.
__________________________ Clerk of Court.
 FORM 4.
Form of Fi. Fa. (or Execution).
TIRE STATE OF FLORIDA.
To All and Every the Sheriffs of the State of Florida — Greeting:
We command that of the goods and chattels, lands and tenements of E.F., you cause to be made the sum of ________________________ dollars, and _________________ cents, being the amount of (or part of the amount of, if the debt be more than the judgment debt), a debt due from the said E.F. to C.D., heretofore attached in the hands of the said E.F., by an order of the Circuit Court for the County of ____________________ in the ________________ Circuit, dated the ________ day of ____________________, A.D. 19___, pursuant to the statute in such case made to satisfy (or if the debt be less than the judgment debt, say toward satisfying), __________________ dollars and _________________ cents, which A.B., lately, in our said court, to-wit: on the ____________ day of _____________, A.D. 19___, recovered against the said C.D., whereof the said C.D. is convicted, together with the sum of_____dollars and_____cents in addition thereto, the same being the costs of this proceeding against the said E.F., and the costs of this writ *Page 925 
and your proceedings hereon, and that you have the said sums of money before the judge of our said court at ________________ when this writ is satisfied, to render unto the said A.B. the sums aforesaid, and have then and there this writ.
(L.S.) Witness, etc.
 FORM 5.
Form of Writ of Scire Facias Under Section 3438, Rev. Gen. Stat. (Section 5291, Comp. Gen. Laws).
THE STATE OF FLORIDA.
To E.F., GREETING:
We command you personally to be and appear before the Circuit Court for the ___________________ Circuit in the County of ________________ on the first Monday in ________________ next, at the clerk's office, in the _______ of _________________, to show cause why A.B. should not have execution against you for ________________ dollars and _______________ cents, being the amount (or part of the amount, as the case may be), of a debt from you to C.D. to satisfy (or toward satisfying, as the case may be) ___________________ dollars and ________________ cents, which, on the ___________ day of _______________, A.D. 19___, the said A.B., by a judgment of our said court, recovered against the said C.D., and for the costs of suit in this behalf. Take notice that in default of your appearance, the said A.B. may proceed to execution.
Witness, etc. *Page 926 
 FORM 6.
Form of Declaration Upon Writ of Garnishment.
CIRCUIT COURT OF FLORIDA, _____________ JUDICIAL CIRCUIT.
To __________ Rule Day, A.D. 19___, _________ County.
A.B., by ________________, his attorney (or "in person," as the case may be), sues E.F., by a writ issued out of this court in these words: (Copy the writ), and the said E.F. has appeared to the said writ, and the said A.B. by his attorney aforesaid (or "in person," as the case may be), says that the said debt due from the said E.F. to the said C.D., is for (here state the debt as in a declaration in ordinary cases), and the said A.B. prays that execution may be adjudged to him accordingly for the said sum of _____________________ dollars and _______________ cents, and for costs in this behalf.
 FORM 7.
Form of Plea.
IN THE CIRCUIT COURT OF FLORIDA, _________________ JUDICIAL CIRCUIT.
To _______________ Rule Day, A.D. 19___, _________________ County, to-wit:
The defendant, E.F., by ____________________, his attorney (or "in person," as the case may be), says that he never was indebted to the said C.D. as alleged (or plead such other defense or several defenses as in other cases).
 FORM 8.
Form of Judgment for Plaintiff Against Garnishee.
(The same as in ordinary cases to the statement of the judgment which may be thus):
Therefore, it is considered by the court that the said *Page 927 
A.B. have execution against the said E.F. for the said ___________________ dollars and __________________ cents, the amount (or part of the amount, as the case may be), of the said debt due from him to the said C.D., to satisfy (or towards satisfying, if the debt be less than the judgment debt), the said _________________ dollars and ________________ cents, which the said A.B. on the __________ day of ____________, A.D. 19___, by the judgment of this court, recovered against the said C.D.
 FORM 9.
Fi. Fa. Upon Judgment for Plaintiff Against Garnishee.
THE STATE OF FLORIDA.
To All and Every the Sheriffs of the State of Florida — Greeting:
We command you that of the goods and chattels, lands and tenements of E.F., you cause to be made the sum of _________________ dollars and ________________ cents, the amount (or part of the amount, as the case may be), of a debt due from the said E.F., to C.D., to satisfy (or towards satisfying, as the case may be) ___________________ dollars and _______________ cents, which A.B., on the __________ day of ____________________, A.D. 19___, (date of judgment against judgment debtor), by the judgment of the Circuit Court of the State of Florida for the __________ Judicial Circuit for the County of __________________, recovered against the said C.D., and that you also cause to be made the additional sum of ____________________ dollars and _________________ cents, which in our said court, were adjudged to the said A.B., for his costs of suit which he hath been put to on occasion of our writ sued out against the *Page 928 
said E.F., at the suit of the said A.B. in that behalf, as well as the costs of this writ and your proceedings hereon, and that you have the said sums of money before the judge of our said court at ______________________, when this writ is satisfied, to render unto the said A.B. the sums aforesaid, and have then and there this writ.
(L.S.) Witness, etc.
 FORM 10.
Plaintiffs in error and clerks of the Circuit Court in making transcripts of the record in civil actions at law (and until otherwise provided may be used in criminal, habeas corpus and other cases) for the Supreme Court, and plaintiffs in error and their attorneys in framing bills of exceptions, shall conform as near as may be to the following form:
Form of Transcript of Record Including Bill of Exceptions, in Civil Causes at Law.
Transcript of record of proceedings in the Circuit Court of _____________________ County, Florida, in the suit of A.B., plaintiff v. C.D., defendant, etc. (For remainder of form follow Special Rule 3 as now in force.)
 *Page 1